UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PAUL COTTERELL,

              Plaintiff,

   -against-

JAMES GILMORE, WILLIAM HASTBACK, SUSAN RITCHIE and JOHN and JANE DOE (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),

              Defendant.
----------------------------------------------------------------x

**DECISION AND ORDER**
12-cv-3808(ADS)(AYS)

**APPEARANCES:**

**MADUEGBUNA COOPER LLP**
*Attorneys for the Plaintiff*
30 Wall Street, 8th Floor
New York, NY 10005
    By:   Samuel O. Maduegbuna, Esq., Of Counsel

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
*Attorneys for the Defendants James Gilmore, William Hastback and Susan Ritchie*
200 Old Country Road, Suite 240
Mineola, NY 11501
    By:   Ralph Pernick, Assistant Attorney General

**NO APPEARANCES:**

*John and Jane Doe (said names being fictitious, the persons intended being those who aided and abetted the alleged unlawful conduct of the named defendants)*

**SPATT, District Judge:**

     Jury selection in this civil rights action is scheduled to commence on November 9, 2015.

Presently before the Court is a motion by the Plaintiff Paul Cotterell ("Cotterell" or the "Plaintiff"), seeking an order, pursuant to 28 U.S.C. § 1292(b), certifying for an interlocutory appeal a prior Memorandum of Decision and Order (the "Underlying Order"), which was issued by this Court on or about December 8, 2014.

For the reasons set forth in this opinion, the motion is denied and jury selection will proceed in the ordinary course.

## I. Background

The facts and procedural history of this case were set forth at length in the Underlying Order. Accordingly, the parties' familiarity with them is presumed. However, the following facts are relevant to the instant motion.

On August 1, 2012, the Plaintiff, then an employee of the New York State Department of Environmental Conservation ("DEC"), commenced this action against the Defendants James Gilmore ("Gilmore"), William Hastback ("Hastback"), Susan Ritchie ("Ritchie", together with Gilmore and Hastback, the "Defendants"), each a former DEC employee, and two unidentified individuals who have not appeared. The complaint alleged employment discrimination on the basis of race, color, and national origin, in violation of 42 U.S.C. §§ 1981 and 1983, and the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.* ("NYSHRL"). Cotterell also alleged that the Defendants caused or perpetuated a hostile work environment against him on the basis of race, color, and national origin and unlawfully retaliated against him for complaining about the alleged unlawful conduct.

On August 25, 2014, the Defendants filed a motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56, for summary judgment dismissing the complaint.

On December 8, 2014, this Court issued the Underlying Order granting in part and denying in part the Defendants' motion for summary judgment. In particular, the Court denied summary judgment as to Cotterell's substantive discrimination claim against the Defendants in their individual capacities based on their denial of certain *per diem* allowances and reimbursements for food and lodging as allegedly violative of prohibitions against race and color discrimination provided for by §§ 1981 and 1983, and the NYSHRL. The Court granted summary judgment as to the remainder of the Plaintiff's claims.

Following the issuance of the Underlying Order, jury selection was scheduled. In this regard, the Court explicitly noted that the Plaintiff's recovery at trial, if any, would be limited to damages arising from the *per diem* allowances and reimbursements for food and lodging outlined in the Court's Underlying Order.

On July 17, 2015, the Plaintiff filed the instant motion, which seeks to certify the following question for an interlocutory appeal to the Second Circuit: "Whether this Court properly employed the summary judgment standards set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), when it dismissed all but one of Plaintiff's claims?" See Pl. Memo of Law at 1. In this regard, the Plaintiff warns that, regardless of the outcome of the trial, he plans to appeal each and every adverse portion of the Underlying Order. He asserts that, if he is granted an

3

interlocutory appeal, "there is a substantial chance that many, if not all, of Plaintiff's claims will be reinstated." Thus, the Plaintiff's reasoning goes, if the trial goes forward as scheduled, and the Second Circuit subsequently reverses any portion of the Underlying Order, a second trial will be required. According to the Plaintiff, an interlocutory appeal is therefore appropriate to "eradicate any doubt as to which of Plaintiff's claims are worthy of trial."

Because the possibility of a post-trial appeal is present in every case, the Plaintiff's threatened ultimate resort to the Second Circuit cannot suffice to carry his burden of showing the propriety of an interlocutory appeal in this case. Accordingly, for the reasons explained more fully in this opinion, the motion is denied.

## II.    Discussion

As this Court has previously explained:

> Under 28 U.S.C. Section 1292(b), an interlocutory appeal may be certified when (1) the order appealed from involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "[O]nly exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990). A district court is to "exercise great care in making § 1292(b) certification." Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., 964 F.2d 85, 89 (2d Cir. 1992). Indeed, Section 1292 is not a "vehicle to provide early review of difficult rulings in hard cases." German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

Garg v. Winterthur Life, 573 F. Supp. 2d 763, 767 (E.D.N.Y. 2008) (Spatt, J.).

4

"Interlocutory appeals are presumptively disfavored." Garber v. Office of the Comm'r of Baseball, 12-cv-3704, 2014 U.S. Dist. LEXIS 133743, at *4 (S.D.N.Y. Sept. 22, 2014). The question of whether such relief is appropriate in a given case "lies squarely within the discretion of the district court" and "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." Id. (citations omitted).

The Plaintiff's motion fails at the outset because, in the Court's view, the Underlying Order does not involve a controlling question of law. Rather, the legal principles applied in the Underlying Order, namely, the McDonnell Douglas burden-shifting framework applied in most, if not all, cases involving allegations of employment discrimination, is well-entrenched in this Circuit's jurisprudence. Contrary to the Plaintiff's contentions, he does not seek clarification on a question of law, he seeks to have the Court of Appeals re-apply the facts of this case to the exact same legal framework in the hopes that the reviewing court's outcome will be more favorable to him. This much is obvious from Cotterell's reliance upon secondary authority for the proposition that "*despite the well-established legal standards used by the courts*, this area of the law is chaotic and often arbitrary, with some judges willing to grant summary judgment in cases that other judges would find worthy of a trial." Pl. Memo of Law at 11 (quoting Shapiro, *The Limits of the Olympian Court: Common Law Judging Versus Error Correction in the Supreme Court*, 63 WASH & LEE L. REV. 271, 301 (2006) (emphasis supplied).

5

Mindful of the "basic tenet of federal law to delay appellate review until a final judgment has been entered," Analect LLC v. Fifth Third Bankcorp, 06-cv-891, 2009 U.S. Dist. LEXIS 73590, at *10 (E.D.N.Y. Aug. 19, 2009) (citation omitted), this Court finds the Plaintiff's instant motion to be an attempt at a merits review, and insufficient to establish the propriety of an interlocutory appeal.

For substantially the same reasons, the Court is unpersuaded that there exist substantial grounds for a difference of opinion as to the legal issues presented. As noted above – and, indeed, as the Plaintiff concedes – there is no legitimate disagreement as to the guiding legal principles to be applied in federal employment discrimination cases. Rather, again, the Plaintiff appears to assert that room for reasonable disagreement exists with regard to the outcome reached by this Court – that is, with respect to the manner in which the Court applied the well-settled law to the facts of this case. In the Court's view, this is insufficient to justify an interlocutory appeal, as a matter of law. See id. at *15-*16 (" 'A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion' " (quoting In re Citigroup Pension Plan Erisa Litig., 05-cv-5296, 2007 U.S. Dist. LEXIS 27004, at *11 (S.D.N.Y. Apr. 4, 2007))).

Finally, the Court rejects the Plaintiff's contention that principles of judicial economy favor an interlocutory appeal. In this regard, the Plaintiff contends that the Second Circuit should be permitted to weigh in and "clarify the parties' rights" before the time and expense of a trial are expended. This argument is unavailing. In the Court's view, the circumstances of this case are no different than most of the

garden-variety employment discrimination cases. The Plaintiff does not plausibly articulate why an interlocutory appeal is any more warranted in this case than in any other, or how the position for which he advocates would not create a bright-line rule requiring preliminary appellate review to "clarify the rights of the parties" in every case that proceeds to a trial.

As a district court in this District has explained:

> Under plaintiff's interpretation of this statutory provision, *every district court order* would provide grounds for a "substantial difference of opinion" warranting interlocutory appeal because the unsuccessful litigant would presumably disagree with that order. Had Congress thought fit to make mere dissatisfaction with any district court order the sole and satisfactory ground for immediate appeal, it would have devised a system of piecemeal appeals. However, that is not the system in which this Court operates.

Id. at *16-*17 (emphasis in original).

"[N]otwithstanding the possibility of settlement, this matter will proceed to trial regardless of whether the Court certifies it for an interlocutory appeal, and regardless of whether, upon certification, the Second Circuit would accept the matter for appeal and then reverse the [Underlying Order]. Certification would only serve to delay these proceedings for an additional amount of time, after which the matter would still proceed to trial, and after which, the parties would still retain the right to appeal the outcome of the trial." Id. at *19.

Accordingly, under the facts and circumstances of this case, the Court can discern no basis for concluding that seeking an interlocutory appeal weeks before the trial of a case that has been pending for more than three years has the

"potential for substantially accelerating the disposition of the litigation." <u>In re Duplan Corp.</u>, 591 F.2d 139, 148 n.11 (2d Cir. 1978).

### III.  Conclusion

Based on the foregoing, the Court denies the Plaintiff's motion for an order certifying for an interlocutory appeal the Underlying Order of December 8, 2014.

This matter shall proceed to jury selection, as scheduled, on **Monday, November 9, 2015.**

**SO ORDERED**

Dated: Central Islip, New York
October 27, 2015

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge